UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

LUIS E. PEREZ-ORTIZ,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

Civil No. 11-2205 (JAF)

(Criminal No. 10-331)

**OPINION AND ORDER**

Petitioner, Luis E. Pérez-Ortiz, appearing pro se, brings this petition under 28 U.S.C. § 2255 for relief from sentencing by a federal court, alleging that the sentence was imposed in violation of his constitutional rights. (Docket Nos. 1; 2; 2-1.[1]) Petitioner also moves for appointment of counsel. (Docket No. 2-4 at 2.) The Government opposes. (Docket No. 4.)

**I.**

**Background**

On December 21, 2010, Petitioner was convicted by a jury of two criminal counts: (1) attempt to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841 and 846; and (2) possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(a).[2] (Crim. Docket Nos. 41; 53.) At trial, Petitioner was represented by Michael Corona-Muñoz ("Corona-Muñoz"). After the trial, Petitioner submitted a motion requesting the appointment of a new lawyer to represent him.

---

[1] Petitioner filed his written motion and accompanying memorandum in Spanish. (Docket Nos. 1; 2; 2-1.) This court ordered an official English language translation of Petitioner's filings. The certified English language translations of these materials are available as Docket Nos. 2-3; 2-4.

[2] The exact amount of cocaine that the jury found Petitioner attempted to possess with intent to distribute was six kilograms. (Crim. Docket No. 53.)

(Docket No. 59.) Corona-Muñoz then submitted a motion to withdraw as counsel. (Docket No. 60.) We granted both motions and appointed a new attorney, Luis R. Rivera-González ("Rivera-González"), to represent Petitioner at sentencing. (Docket Nos. 64; 67.)

On June 16, 2011, this court sentenced Petitioner to an imprisonment term of seventy-eight (78) months as to Count One (the drug count), and sixty (60) months as to Count Two (the firearms count), for a total of one hundred thirty-eight (138) months. (Crim. Docket No. 79.) On July 11, 2011, Petitioner entered a notice of appeal. (Crim. Docket No. 83.) Five days later, Petitioner withdrew his appeal. (Crim. Docket No. 84.) In the motion to withdraw the appeal, Petitioner's counsel, Rivera-González, wrote that he met with Petitioner at the Metropolitan Detention Center the week after Petitioner was convicted. (Id.) Rivera-González claimed that Petitioner then agreed that it would be unwise to appeal the sentence and conviction. (Id.)

In this collateral challenge, Petitioner raises a number of arguments, all of them unsuccessful. (Docket Nos. 2; 2-1.) Petitioner argues that he was illegally entrapped by government agents. (Docket No. 2-1 at 1, 3, 5, 8.) Petitioner also argues that he was wrongly convicted because the transaction involved two undercover agents and sham cocaine. (Docket No. 2-1 at 3, 7.) Petitioner contends that he was not provided with sufficient evidence in discovery and that this court erred in denying his motion for a continuance. (Docket Nos. 2 at 10; 2-1 at 3.)

Petitioner also argues that his trial counsel, Corona-Muñoz, provided ineffective assistance of counsel. (Docket No. 2-1 at 4, 5.) Specifically, Petitioner argues that Corona-Muñoz was ineffective because Corona-Muñoz: Was not ready for trial; did not communicate the government's plea offer to Petitioner; did not make a Rule 29 motion; did

not verify any exculpatory information; and knew of the "trap" that government lawyers set for him, because Corona-Muñoz was an attorney for one of the undercover agents.[3] (Docket Nos. 2 at 11; 2-1 at 4, 5.) Finally, Petitioner argues that Rivera-González wrongly advised him to withdraw his appeal. (Docket No. 2 at 12.) The government responds, arguing that all of Petitioner's claims lack merit. (Docket No. 4.) For the reasons explained below, we dismiss Petitioner's claims.

## II.

### Legal Standard

A federal district court has jurisdiction to entertain a § 2255 petition when the petitioner is in custody under the sentence of a federal court. See 28 U.S.C. § 2255. A federal prisoner may challenge his sentence on the ground that, inter alia, it "was imposed in violation of the Constitution or laws of the United States." Id. A petitioner cannot be granted relief on a claim that has not been raised at trial or direct appeal, unless he can demonstrate both cause and actual prejudice for his procedural default. See United States v. Frady, 456 U.S. 152, 167 (1982). Indeed, "[p]ostconviction relief on collateral review is an extraordinary remedy, available only on a sufficient showing of fundamental unfairness." Singleton v. United States, 26 F.3d 233, 236 (1st Cir. 1994). Claims of ineffective assistance of counsel, however, are exceptions to this rule. See Massaro v. United States, 538 U.S. 500, 123 (2003) (holding that failure to raise ineffective assistance of counsel claim on direct appeal does not bar subsequent § 2255 review). As mentioned in a recent holding, we are concerned with the rights of litigants, but we must protect the integrity of the federal court system against meritless allegations. Lassalle-Velázquez v. United States, No. 12-1795, 2013

---

[3] Petitioner's allegation that Corona-Muñoz was an attorney for the government agent and knew of the "trap" is waived as undeveloped. (Docket No. 2-5 at 11.) Petitioner provided no support for this allegation and did not repeat it in his memorandum of law. (Docket No. 2-4.) See Cody v. United States, 249 F.3d 47, 53 n.6 (1st Cir. 2001) (bare and unsupported allegations are waived).

U.S. Dist. WL ____, at *__ (D.P.R. June 10, 2013) (using meritless arguments to collaterally challenge federal convictions through § 2255 petitions is overburdening federal district courts and leading to some criminal cases being entirely re-litigated).

## III.

### Discussion

Because Petitioner appears pro se, we construe his pleadings more favorably than we would those drafted by an attorney. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, Petitioner's pro-se status does not excuse him from complying with procedural and substantive law. Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).

Petitioner makes several arguments that his conviction was invalid. (Docket No. 2-1.) For the following reasons, we find that each of these arguments fail. Petitioner then argues that his attorneys provided ineffective assistance of counsel. (Docket No. 2-1.) These arguments fail as well.

We first address Petitioner's claim that this court erred by denying his motion for a continuance. (Docket No. 2-1 at 4.) This claim is unavailing. Trial judges are "operating under extreme pressure to manage exploding dockets fairly and efficiently." United States v. Maldonado, 708 F.3d 38, 42 (1st Cir. 2013) (citing United States v. Saccoccia, 58 F.3d 754, 770 (1st Cir. 1995)) (internal citations omitted). Necessarily, therefore, "'[t]rial management is peculiarly within the ken of the district court . . . [o]nly an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay constitutes an abuse of that discretion.'" United States v. Flecha-Maldonado, 373 F.3d 170, 175 (1st Cir. 2004) (quoting Saccoccia, 58 F.3d at 770) (internal citations omitted); see also Castillo v. Matesanz, 348 F.3d 1, 13 (1st Cir. 2003) (same).

When considering a request for a continuance, a trial judge must assess "the reasons contemporaneously presented in support of the request for the continuance." Castillo, 348 F.3d at 13. We also evaluate a number of relevant factors:

> The amount of time needed for effective preparation, the amount of time actually available for preparation, the amount of time previously available for preparation and how assiduously the movant used that time, the extent to which the movant has contributed to his perceived predicament, the complexity of the case, the availability of assistance from other sources, the probable utility of a continuance, the extent of inconvenience to others. . . should a continuance ensue, and the likelihood of an injustice or unfair prejudice attributable to the denial of a continuance.

Id. (quoting Saccoccia, 58 F.3d at 770).

As we noted in court, we had ample reason to deny the motions for continuance by Petitioner. (Crim. Docket No. 63 at 89.) Recorded phone conversations between Petitioner and his wife that had been intercepted during Petitioner's detention revealed a series of efforts to "derail this case from being tried." (Id.) Petitioner and Corona-Muñoz were actively devising ways to prevent this judge from presiding over this case. (Id. at 89-91.) After listening to three of these conversations, we described the attempts by Petitioner and Corona-Muñoz as "unbelievable" and unprecedented in our twenty-five years of experience on the bench. (Id. at 88-89.) The phone calls discussed the following plans: To pretend that there was a dispute between Petitioner and counsel; to attempt to retain this judge's wife as counsel, in order to have this judge disqualified from the case; and to fire Corona-Muñoz before bringing him back later in the proceedings. (Id. at 32-37, 88-91.) Petitioner also pretended that he was sick on the day of trial and had Corona-Muñoz claim that he was unprepared. (Id. at 88-91.)

1   Such outrageous behavior cannot justify the granting of a continuance. There was no
2   merit to Corona-Muñoz's claim to being unprepared. When Corona-Muñoz claimed that he
3   was unable to prepare for our trial due to an ongoing trial in state court, we investigated the
4   claim. We learned that, contrary to Corona-Munoz's assertions, the state court he referenced
5   was in recess during the relevant period. (Crim. Docket No. 62 at 28.) Following the trial,
6   we also categorically rejected Corona-Muñoz's suggestion that he was unprepared, finding
7   him "extremely prepared." (Crim. Docket No. 63 at 29). We even stated that law students
8   would benefit from having seen Corona-Muñoz's cross-examination of the witnesses. (Id.)
9   As we noted during the proceedings, this was a relatively simple case for which Petitioner
10  and his counsel had adequate time to prepare. (Id. at 29-30.) There were no legitimate
11  reasons to grant a continuance in this case. See Saccoccia, 58 F.3d at 770.

12  Following the guilty verdict and before sentencing, Corona-Muñoz filed a complaint
13  of judicial misconduct with the Judicial Council of the First Circuit. See Lynch, C.C.J.,
14  Order, In Re Complaint No. 01-11-90001, March 10, 2011, at 1. The complaint alleged
15  misconduct for this judge's actions in connection with Petitioner's jury trial. Id. at 1. One of
16  the claims in Corona-Munoz's complaint was that this judge committed misconduct by
17  denying his motions for a continuance. Id. at 3-5. After reviewing the relevant transcripts,
18  pleadings, and court orders, Chief Judge Lynch wrote an order dismissing the entire
19  misconduct complaint. Id. at 3, 9.

20  The portion of Chief Judge Lynch's order relating to the continuance makes clear that
21  there was no merit to Petitioner's motions for a continuance. Id. at 3-5. Chief Judge Lynch
22  takes note of many of the same findings we noted above, including the recorded phone
23  conversations between Petitioner and his wife, Petitioner's false claim that he was sick,

Corona-Muñoz's false claim regarding the ongoing state court trial, and Petitioner's acknowledgment that Corona-Muñoz was a "very good attorney." Id. at 3-4. There is simply no basis for Petitioner's claim that we erred by denying his motions for a continuance.

Petitioner also argues that he was illegally entrapped. (Docket No. 2-1 at 1, 3, 5, 8.) This argument also fails. First, because Petitioner did not raise this claim on appeal, it is likely procedurally defaulted. Berthoff v. United States, 523 U.S. 614, 622 (1998) ("Accordingly, a defendant's failure to raise a claim in a timely manner at trial or on appeal constitutes a procedural default that bars collateral review, unless the defendant can demonstrate cause for the failure and prejudice or actual innocence.") (citing Bousley v. United States, 523 U.S. 614, 622 (1998)). Petitioner has failed to show cause or prejudice for his failure to raise this argument on appeal. See generally Strickland v. Washington, 466 U.S. at 668, 688 (1984).

Petitioner's entrapment argument also fails for a more basic reason. In the face of "overwhelming evidence" of his desire to cooperate, Petitioner simply did not put on sufficient evidence to support an entrapment defense. (Crim. Docket No. 63 at 32, 85.) This is why we specifically rejected Corona-Muñoz's motion for a jury instruction, as well as his Fed. R. Crim. P. 29 motion based on an entrapment defense. (Docket No. 63 at 32, 85.)

To mount the affirmative defense of entrapment, a defendant "must make a prima facie showing both that the government induced the commission of the charged crime and that he (the accused) lacked a predisposition to engage in it." United States v. Shinderman, 515 F.3d 5, 14 (1st Cir. 2008) (citations omitted). "Improper inducement consists of more than providing an opportunity to a commit a crime; the inducement must create 'a risk of

causing an otherwise unwilling person to commit the crime. The 'something more' generally consists of excessive pressure by the government agent on the defendant or the exploitation of a defendant's noncriminal motive, for example, sympathy. Failure to establish either improper inducement or lack of predisposition defeats the defense." United States v. Turner, 501 F.3d 59, 70-71 (1st Cir. 2007) (quoting United States v. Walter, 434 F.3d 30, 35-36 (1st Cir. 2006)). Petitioner failed to establish either improper inducement or lack of predisposition; therefore, the affirmative defense of entrapment was unavailable.

Next, Petitioner argues that he cannot be convicted of conspiracy where the other participants are government agents. (Docket No. 2-1 at 3, 7.) In support of this argument he cites United States v. Paret-Ruiz, 567 F.3d 1 (1st Cir. 2009). As the government points out,[4] Paret-Ruiz is distinguishable. In Paret-Ruiz, 567 F.3d 1, 8, the Court of Appeals held that there was insufficient evidence to sustain a conspiracy conviction. See id. But in this case, Petitioner was not charged with conspiracy; he was charged and convicted for "attempting to possess with intent to distribute a controlled substance," in violation of §§ 841(a)(1) and 846.[5] (Crim. Docket No. 63 at 74-75.) Therefore Paret-Ruiz does not apply.

Moreover, Petitioner's intent to commit the crime is sufficient for an attempt conviction; it does not matter that the other participants were government agents. It is well-established that factual impossibility is not a defense to a charge of attempt to commit a crime. United States v. Medina-Garcia, 918 F.2d 4, 7-8 (1st Cir. 1990) ("[N]either is factual impossibility a defense to a charge of attempt. 'The criminal intention to commit the substantive crime . . . together with the fact that the crime was not consummated due to an

---

[4] See Docket No. 4 at 11.
[5] Superseding Indictment, Crim. Docket No. 41 at 1.

external fact, are sufficient to charge [a] defendant with an attempt . . . .") (quoting United States v. Deangelis, 430 F.Supp. 327, 331-32 (D.P.R. 1976)).

Petitioner also argues that he cannot be convicted of the drug charges because the drug involved in the transaction was sham cocaine. (Docket No. 2-1 at 3, 10.) This argument fails for the reasons just cited: Factual impossibility is not a defense to an attempt charge. See United States v. Gobbi, 471 F.3d 302, 304 n.2 (1st Cir. 2006) (noting that sham cocaine is charged as attempt rather than possession simpliciter) (citing Medina-Garcia, 918 F.2d at 7-8). As to the government's alleged refusal to provide exculpatory evidence, this claim is waived as undeveloped. Cody v. United States, 249 F.3d 47, 53 n.6 (1st Cir. 2001). Petitioner has pointed to no prejudice resulting from the government's failure to turn over evidence. Strickland, 466 U.S. at 688. Moreover, in a hearing held on December 15, 2010, we found that the government had complied with its discovery burdens. (See Hearing Transcript, Crim. Docket No. 37.)

Petitioner's passing argument that he was merely present at the crime fares no better. (Docket No. 2-1 at 10.) "'Mere presence' implies not just an absence of criminal intent but passivity and nonparticipation in the actual commission of the crime." United States v. Perkins, 926 F.2d 1271, 1284 (1st Cir. 1991). The jury heard and saw evidence that Petitioner was under contract to provide security for a purported drug transaction. After the transaction was completed, Petitioner accepted payment for his role. (Crim. Docket No. 61 at 9-10, 22, 27.) Thus, "mere presence" was clearly not a successful theory. Perkins, 926 F.2d at 1284. Because Petitioner cannot demonstrate prejudice for counsel's failure to press any of these theories—mere presence, sham cocaine, and undercover agents—his ineffective

1   assistance theory also fails.  See generally Strickland, 466 U.S. at 688 (stating that a

2   successful ineffective assistance of counsel claim requires a showing of prejudice).

3         Petitioner also argues that Corona-Muñoz provided ineffective assistance of counsel

4   because he did not notify Petitioner of the plea agreement.  (Docket No. 2-1 at 5.)  This

5   argument is without merit.  In United States v. Rodriguez-Rodriguez, 929 F.2d 747, 752 (1st

6   Cir. 1991) (per curiam), the First Circuit held that failure to advise a defendant of the

7   government's plea offer because of a conflict of interest ordinarily constitutes ineffective

8   assistance of counsel.  Id.  But the court "took pains to admonish petitioners that, in order to

9   secure an evidentiary hearing on such a claim, they must tender more than conclusory

10  allegations." United States v. David, 134 F.3d 470, 478 (1st Cir. 1998) (citing Rodriguez,

11  929 F.2d at 752).  An evidentiary hearing was required in Rodriguez because petitioner

12  "provided adequate factual specifications beyond bald speculation." Rodriguez, 929 F.2d at

13  752.

14        Here, by contrast, Petitioner's unsupported allegations are too bare to be taken

15  seriously.  Petitioner writes that "[a]t a meeting in the U.S. Attorney's Office I spoke about

16  this situation and they told me that a week before my trial they had given Mr. Corona an

17  ultimatum to visit me and decide if I was going to sign the agreement, and he never came

18  over to inform me about said agreement."  (Docket No. 2-4 at 5.)  Petitioner provides no

19  details to add even a shred of credibility to this assertion.  Moreover, Petitioner's description

20  of the timeline is contradicted by the record.  At a status conference on December 8, nearly

21  two weeks before the start of trial, Corona-Muñoz rejected the government's plea offer.

22  (Crim. No. 10-331, Docket No. 23.)  The timing of this rejection—nearly two weeks before

trial—undermines Petitioner's claim that a so-called ultimatum fell through several days later.

Petitioner's account is also contradicted by an FBI 302 filed in this case. According to the FBI 302, Petitioner admitted that Corona-Muñoz informed him of the government's plea offer of ten years, and that Corona-Muñoz recommended Petitioner reject the deal, given that the maximum penalty for Petitioner's crime was fifteen years. (Docket No. 4-3 at 1.)  Petitioner has provided no reason beyond bare assertions to make us question this account provided in the FBI 302.  On this record, we see no need to hold an evidentiary hearing on Petitioner's claim.  As in David, 134 F.3d at 478, Petitioner has "put forth less than the bare minimum that is necessary to warrant an evidentiary hearing."  Therefore, we reject his argument that Corona-Muñoz provided ineffective assistance of counsel because of an alleged failure to inform him of the plea offer.  See id.

Finally, we consider Petitioner's unsupported assertions regarding his notice of appeal.  Petitioner writes that he submitted his appeal, but that he was then offered false assurances of favorable treatment from the government if he withdrew his appeal.  (Docket No. 2 at 12.)  Petitioner states that his lawyer then withdrew the appeal, and Petitioner received nothing in return.  (Id.)  These allegations regarding a supposed cooperation offer by the government are too conclusory to be taken seriously.  Cody, 249 F.3d at 53 n.6. Moreover, because nothing in Petitioner's allegation contradicts Rivera-González's assertion that he consulted with Petitioner before withdrawing the appeal, any claims here fail. Escudero-Aponte v. United States, No. 02-2708, 65 Fed. App'x 333, 336 (1st Cir. May 22, 2003) ("Petitioner has not alleged that counsel failed to follow his express instructions to file an appeal") (citing Roe v. Flores-Ortega, 528 U.S. 470, 478 (2000)).

## IV.

## **Certificate of Appealability**

In accordance with Rule 11 of the Rules Governing § 2255 Proceedings, whenever issuing a denial of § 2255 relief we must concurrently determine whether to issue a certificate of appealability ("COA"). We grant a COA only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). While Pérez-Ortiz has not yet requested a COA, we see no way in which a reasonable jurist could find our assessment of his constitutional claims debatable or wrong. Pérez-Ortiz may request a COA directly from the First Circuit, pursuant to Rule of Appellate Procedure 22.

## V.

## **Conclusion**

For the foregoing reasons, we hereby **DENY** Petitioner's § 2255 motion (Docket Nos. 1, 2). Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, summary dismissal is in order because it plainly appears from the record that Petitioner is not entitled to § 2255 relief from this court.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 12th day of June, 2013.

                                                S/José Antonio Fusté
                                                JOSE ANTONIO FUSTE
                                                U. S. DISTRICT JUDGE